## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**KEVIN TANNER; EDDIE RASPBERRY;**
**ANTHONY FOOT; DONTAE MYLES;**
**LACY MILES; JAMES WALKER; and**
**JOHN DOES 1-10**                                                                                    **PLAINTIFFS**

**v.**                                    **CASE NO. 4:08-CV-00099 BSM**

**ENTERGY ARKANSAS**                                                            **DEFENDANT**

### ORDER

Before the court is defendant Entergy Arkansas's ("Entergy") motion to dismiss

plaintiffs Eddie Raspberry, Anthony Foot and Dontae Myles with prejudice pursuant to

Federal Rules of Civil Procedure 37(b) and 37(d).  Federal Rule of Civil Procedure 37(d)

provides:

> (d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.
>
>> (1) *In General*.
>>
>>> (A) *Motion; Grounds for Sanctions*.  The court where the action is pending may, on motion, order sanctions if:
>>>
>>>> (I) a party . . . fails, after being served with proper notice, to appear for that person's deposition; or
>>>>
>>>> (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under 34, fails to serve its answers, objections, or written response.
>>>
>>> (B) *Certification*.  A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing

> to act in an effort to obtain the answer or response without court action.
>
> . . .
>
> (3) *Types of Sanctions.* Sanctions may include any of the orders listed in Rule 37(b)92)(A)(I)-(vi). Instead of or in addition to these sanctions, the court must require the part failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

The sanctions set forth in Federal Rule of Civil Procedure 37(b)(2)(A)(I)-(vi) are as follows:

(I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party;

Entergy asserts that it properly noticed the depositions of Raspberry, Foot, and Myles for April 15, 2009, and that they failed to appear. Plaintiffs' counsel represents that, up to that date, he had been unable to contact these plaintiffs to compel their appearances. Additionally, Entergy asserts that it propounded its first set of interrogatories and requests for production to Raspberry, Foot, and Myles on August 28, 2008, but Raspberry and Myles have provided no responses and Foot's responses are incomplete. Specifically, Exhibit H to Entergy's motion indicates that Foot failed to provide "a calculation of all damages Foot[]

2

incurred as a result of the conduct alleged in the Complaint and the documents he intends to use to substantiate those damages," and "Copies of Foot[]'s income tax returns."

Entergy asserts that dismissal of Raspberry, Foot, and Myles is appropriate because these plaintiffs have offered no adequate reason for their failure to attend their depositions and have repeatedly breached their obligation to provide discovery, and thus, Entergy is only left to believe that plaintiffs' absences were willful.  Entergy also asserts that it has been prejudiced because critical information has been withheld; it cannot adequately prepare dispositive motions without the discovery responses and depositions; and this information cannot be acquired from other sources.  Additionally, Entergy asserts that the other plaintiffs will not be prejudiced by the dismissal of Raspberry, Foot, and Myles because the remaining plaintiffs' deposition testimony indicates that the remaining plaintiffs do not know Raspberry, Foot, or Myles, and the claims are not dependent upon one another.

In response, plaintiffs state that Foot has changed his contact information and his attorney can no longer make contact with him.  Also, Myles will not make contact with his counsel, will not return phone calls, and will not communicate with his attorney.

Although Raspberry changed his contact information, he has contacted his counsel and now states that he is willing to submit himself for a deposition at any time.  Plaintiffs state that Raspberry was working and moving, and it would not be a hardship or an imposition on defendant to take Raspberry's deposition.  Plaintiffs note that the parties have

agreed to allow plaintiffs to take two depositions of defendants beyond the discovery deadline, and that Raspberry's deposition could be taken at the same time.

In reply, Entergy notes that plaintiffs' counsel does not ask the court to deny the motion as to Foot and Myles. Entergy asserts that it is too late to depose and prepare its case as to Raspberry, and Raspberry has still failed to submit any responses to the discovery requests. The trial of this case is set for July 13, 2009. The discovery deadline was April 20, 2009. Although the dispositive motions deadline was May 14, 2009, the court granted Entergy's request to extend the deadline to five days from the date the court issues its order on the pending motion to dismiss.

Entergy also submits a letter sent to plaintiffs' counsel on April 21, 2009, stating that plaintiffs mentioned that they wished to depose a couple of people from Entergy, and that although the discovery deadline had passed, Entergy would make a few witnesses available if needed. Entergy requested that plaintiffs' counsel provide the names of those witnesses as soon as possible. Entergy states that counsel for plaintiffs did not respond to the letter until May 4, 2009. The court notes that the exhibits submitted by Entergy demonstrate that counsel for Entergy has attempted to confer in good faith with plaintiffs' counsel to obtain the requested discovery and take the needed depositions.

"Federal Rule of Civil Procedure 37(d) allows the district court to, among other sanctions, dismiss an action if a party 'fails to appear' for his or her deposition," and "no motion to compel is required before dismissal under Rule 37(d)." *Aziz v. Wright*, 34 F.3d

587, 589 (8th Cir. 1994) (affirming dismissal under Fed. R. Civ. P. 41(b) for plaintiff's

failure to comply with court order allowing deposition). Dismissal with prejudice, however,

"is an extreme sanction that should be used only in cases of willful disobedience of a court

order or where a litigant exhibits a pattern of intentional delay," which only requires that the

party "acted intentionally as opposed to accidentally or involuntarily." *Hunt v. City of

Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). The Eighth Circuit has also held that "[t]he

court should resort to the sanction of dismissal only when the failure to comply has been due

to . . . willfulness, bad faith, or any fault of petitioner." *Hairston v. Alert Safety Light

Products, Inc*., 307 F.3d 717, 719 (8th Cir. 2002). Courts should consider lesser sanctions

before imposing one that results in a dismissal with prejudice. *Dunning v. Bush*, 536 F.3d

879, 890 (8th Cir. 2008). When a dismissal sanction rests upon purported violations of

discovery orders, courts should ensure that the following Rule 37 requirements are met: "(1)

an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the

other party." *Sentis Group, Inc. v. Shell Oil Co*., 559 F.3d 888, 899 (8th Cir. 2009).

The court notes that plaintiffs' counsel does not oppose the motion as to Foot and

Myles because counsel is still unable to reach these plaintiffs. The court, however, believes

that the sanction of dismissal with prejudice is too severe. Entergy has never filed a motion

to require plaintiffs Foot, Myles, or Raspberry to appear at a deposition or answer discovery,

and thus no court order was issued regarding these matters. The court finds that the claims

of plaintiffs Anthony Foot and Dontae Myles should be dismissed without prejudice due to

their failure to prosecute this case by not adequately participating in discovery and failing to attend their own depositions.  Fed. R. Civ. P. 37(b), 37(d), and 41(b).

The motion to dismiss Raspberry is denied.  Rather, Raspberry is ordered to produce responses to the outstanding discovery on or before May 26, 2009.  Additionally, Raspberry is to make himself available for a deposition on or before May 29, 2009.  If Raspberry fails to comply with the court's order, his claims will also be dismissed.

The deadline to submit dispositive motions is extended to June 12, 2009, and the responses to those motions are due on or before June 23, 2009.

Accordingly, defendant's motion to dismiss (Doc. No. 18) is granted in part, and denied in part.  The claims of plaintiffs Anthony Foot and Dontae Myles are dismissed without prejudice.  Plaintiff Raspberry is directed to respond completely to the outstanding discovery on or before May 26, 2009, and is directed to make himself available for a deposition on or before May 29, 2009.  The deadline to submit dispositive motions is extended to June 12, 2009.  Responses to all dispositive motions are due on or before June 23, 2009.

IT IS SO ORDERED THIS 21st day of May, 2009.


_____
UNITED STATES DISTRICT JUDGE