**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**KEVIN TANNER; EDDIE RASPBERRY;
LACY MILES; JAMES WALKER; and
JOHN DOES 1-10**                                                                    **PLAINTIFFS**

v.                               CASE NO. 4:08-CV-00099 BSM

**ENTERGY ARKANSAS**                                                                **DEFENDANT**

**ORDER**

On May 21, 2009, plaintiff Eddie Rasberry was ordered to respond to outstanding discovery on or before May 26, 2009, and to make himself available for a deposition on or before May 29, 2009. Rasberry was cautioned that his claims would be dismissed if he failed to comply with the order.

The court was notified by defendant Entergy Arkansas ("Entergy") on May 28, 2009, that Rasberry has violated the order by failing to respond to discovery. The same day, the court received a letter from Rasberry's counsel stating that Rasberry had "extreme difficulty getting off work to provide responses to discovery" by the deadline, but that the answers "have been provided" and Rasberry was "presently sitting for his deposition."

The following day, Entergy renewed its motion to dismiss Rasberry. Entergy states that the discovery responses provided on May 28, 2009, were incomplete. Entergy also states that it had to recess the deposition because Rasberry had not provided any of his tax returns and failed to attempt to itemize or list his damages, and the parties agreed to reconvene on May 29, 2009, at 1:00 p.m. Entergy states that on May 29, 2009, at 11:45 a.m., its counsel

received several tax returns from Rasberry, but the crucial returns for 2007 and 2008 were not included. Approximately five minutes later, Entergy's counsel was notified that Rasberry wanted to reschedule the deposition for June 1, 2009.

In response, Rasberry states that as of June 1, 2009, Entergy has his income tax returns from 2007 and 2008, and that he was scheduled to sit and complete his deposition on June 1, 2009, at 1:00 p.m. Rasberry states that he was unable to get off of work on May 29, 2009, because he was off on May 28, 2009, for his deposition, and that he would have risked losing his job.

The court finds that Rasberry's claims should be dismissed without prejudice for failing to prosecute this case by not adequately participating in discovery and for failing to timely and fully comply with the court's order. Fed. R. Civ. P. 37(b), 37(d), and 41(b).

Accordingly, defendant's renewed motion to dismiss (Doc. No. 37) is granted. The claims of plaintiff Eddie Rasberry are dismissed without prejudice.

IT IS SO ORDERED this 2nd day of June, 2009.

_____
UNITED STATES DISTRICT JUDGE