**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**KEVIN TANNER; LACY MILES;**
**JAMES WALKER; and**
**JOHN DOES 1-10**                                                                    **PLAINTIFFS**

v.                              CASE NO. 4:08-CV-00099 BSM

**ENTERGY ARKANSAS**                                                              **DEFENDANT**

**ORDER**

Before the court is defendant's motion to sever and for separate trials. Defendants assert that plaintiffs claims are misjoined because there is no common transaction or occurrence among the claims, nor are there common questions of law or fact among the plaintiffs' claims. Defendants further assert that even if plaintiffs' claims are properly joined, separate trials should be ordered to avoid prejudice to defendant from plaintiffs' claims being presented in a cumulative or common fashion.

According to this race discrimination complaint brought pursuant to Title VII and 42 U.S.C. § 1981, plaintiff Kevin Tanner, a resident of Jefferson County who has been employed with Entergy for over six years, applied for the position of relay tech with Entergy on March 7, 2007, but did not receive the position. Tanner states that he is currently a meter service installer and has degrees in Industrial Electricity option and Electro-Mechanical Maintenance option. Tanner asserts that he was not hired for any of the 20 openings around the state, and that a white male, from outside the company with less qualifications, was hired for the Pine Bluff area where he works. In his deposition, Tanner states that he only applied

for the relay tech helper position in Pine Bluff, and that Robert Britton was the hiring manager. Ex. A, Tanner dep. p. 31, def.'s motion to sever and for separate trials ("def.'s motion").

Plaintiff Lacy Miles, a resident of Union County, states that he applied for positions with Entergy in Union County, but some of these positions were filled by white persons that were less qualified and less educated than her. Miles testified that she did not know the other two plaintiffs and does not have any information about their claims. Ex. C, Miles dep. p. 6-7, def.'s motion. Defendant submits the affidavit of Drew Clem, which states that Clem was the hiring manager for the position in El Dorado for which Miles applied in March 2007, and that he was not involved with hiring applicants for any jobs related to the other two plaintiffs.

Plaintiff James Walker, a journeyman lineman from 1979-1995 with Entergy, applied for 16 positions and was turned down for all positions and was told he did not have enough experience. He states that he recently applied for one of 27 positions with Entergy, but the positions were filled by white persons that were less qualified than him. Walker testified that he did not know the other two plaintiffs and has no knowledge about their claims. Ex. B, Walker dep. p. 10, def.'s motion. Walker testified that he believed "Mr. Tanner" hired the person in the relay tech helper position. *Id*. at 55-57. Defendant asserts that the individual referred to is Jerry Tanner. Plaintiffs state that Walker applied for a Relay Tech Helper position in Little Rock.

"Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a). The Eighth Circuit has stated that the purpose of Rule 20 "is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits," and that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332-33 (8th Cir. 1974).

The phrase "transaction or occurrence" has been held include "all 'logically related' events . . . ." *Id*. (holding that a company-wide policy purportedly designed to discriminate against blacks in employment arises out of the same series of transactions or occurrences). With regard to the commonality requirement, "[a]lthough the actual effects of a discriminatory policy may thus vary throughout the class, the existence of a discriminatory policy threatens the entire class," and whether the "threat of a racially discriminatory policy hangs over the racial class is a question of fact common to all the members of the class." *Id*. at 1334.

Defendant asserts that although all plaintiffs applied for employment with Entergy and were subject to the employment decisions of the various management personnel of Entergy, the individual claims arise from discrete and wholly unrelated employment decisions made by different management personnel, and in competition with, in some cases, wholly different

pools of applicants. Defendant notes that one plaintiff was an employee of Entergy, one was a former employee, and one was a non-employee. Defendant also asserts that the commonality requirement is not met because there is no evidence that plaintiffs' claims are related in any relevant respect, none of the plaintiffs even know one another, and none claim to have interacted with the same decision makers.

Alternatively, defendant asserts that the court should order separate trials, or "mini-trials," in order to avoid prejudice to defendant resulting from plaintiffs' cases being presented simultaneously. Federal Rule of Civil Procedure 42(b) provides, "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Defendant states that a joint trial will limit the court's ability to exclude evidence relevant to and admissible in one plaintiff's case that is not relevant to or admissible in another plaintiff's case. Defendant asserts that although no prejudice to plaintiffs can result if each claim is tried separately, defendant will be prejudiced if the claims are not tried separately because the confusion of dissecting one plaintiffs' clims from another would be too great for any jury.

Plaintiffs oppose defendant's motion asserting that the claims are not misjoined. Specifically, plaintiffs assert that in each case defendant did not enforce its own policies against discrimination and that defendant did not follow its own policy to hire from within

the company before going outside the company. Plaintiffs state that they applied for entry-level positions with defendant in 2007, and that Entergy hired 27 employees, all of whom were Caucasian and less qualified or substantially similar to the plaintiffs. Plaintiffs assert that all 27 positions were filled with Entergy under an obligation to follow the same set of rules, laws, and internal rules and policies. Plaintiffs also assert that the same question of law is involved with respect to each plaintiff, namely, whether Entergy violated Title VII and 42 U.S.C. § 1981 by discriminating against plaintiffs.

With regard to defendant's Rule 42 arguments, plaintiffs assert that trying the cases together promotes judicial economy and is more convenient to those involved. Plaintiff states that it sees no fact scenario in which the court would be forced to admit evidence as to one plaintiff that it would otherwise be required to exclude as to another plaintiff. Plaintiffs also state that even if the cases were separated, the plaintiffs would be called as witnesses in each other's cases in order to demonstrate a pattern and practice of discrimination by Entergy regarding the hiring of these 27 employees.

Defendant's motion is granted. The court finds that the jury would likely be unnecessarily confused by conducting what amounts to three mini-trials at one time. Furthermore, severance allows the court more flexibility in determining the admissibility of evidence.

The court declines to make a final ruling, at this time, as to whether it will permit the testimony of each of the plaintiffs in each trial because the court does not have adequate

information before it to make such a ruling.  For instance, it is not clear whether one individual is required to give "final approval" to the hiring decisions, or if it is strictly left to the discretion of the hiring manager at the particular facility involved.  The court assumes that the parties will file pretrial motions relating specifically to that issue.  The court notes, however, that "whether evidence of discrimination by other supervisors is relevant . . . is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case."  *Sprint/United Management Co. v. Mendelsohn*, 128 S. Ct. 1140, 1147 (2008).  "While background evidence of an employer's discriminatory policies or practices 'may be critical for the jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive,' . . . the evidence must nevertheless 'assist in the development of a reasonable inference of discrimination within the context of each case's respective facts." *McPheeters v. Black & Veatch Corp.*, 427 F.3d 1095, 1101 (8th Cir. 2005) (quoting *Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097, 1103 (8th Cir. 1988) and *Callanan v. Runyun*, 75 F.3d 1293, 1297-98 (8th Cir. 1996)).  Severance is warranted in this case.

Accordingly, defendant's motion to sever and for separate trials (Doc. No. 25) is granted.

IT IS SO ORDERED THIS 8th day of June, 2009.

*[signature]*
UNITED STATES DISTRICT JUDGE