**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**LACY MILES**                                                                                          **PLAINTIFF**

**v.**                            **CASE NO. 4:08-CV-00099 BSM**

**ENTERGY ARKANSAS**                                                     **DEFENDANT**

## **ORDER**

Before the court is defendant Entergy Arkansas's motion in limine. For the reasons set forth below, the motion is denied without prejudice.

Defendant Entergy Arkansas ("Entergy") requests that the court exclude certain testimony. First, Entergy asserts that the court should not allow plaintiff Lacy Miles to testify that Andre Holiday told him that none of the 27 Entergy positions were filled with a black applicant, that he had scored "the highest on th test,"and that he did not understand why Miles was not hired. Entergy also asserts that the court should not allow Miles to testify that Arnez Holiday told him that he had heard that Miles did well on a pre-employment test, that Arnez was wondering why Miles was not hired, that Joshua Trotter (the successful applicant) was the son of an Entergy supervisory employee who worked in Warren, and that Arnez believed that Miles was discriminated against. Entergy asserts that Miles' deposition testimony clearly demonstrates that Miles gleaned this knowledge through hearsay conversations with Andre Holiday and Arnez Holiday, non-management Entergy employees who are not listed as witnesses. Entergy states that Miles admittedly does not know Trotter's qualifications and does not know whether Holiday knew Trotter's qualifications. Also,

Entergy requests that Miles not be allowed to testify regarding other positions Andre Holiday believed were available because Miles only applied for one position and Drew Clem, the decision maker in Miles' case, was the decision maker for only one other position, a position for which Miles did not apply.

Pursuant to Federal Rule of Evidence 602, "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Similarly, hearsay that does not fall within an exception will be excluded. Fed. R. Evid. 801, 802, 803, 804, and 805. The court notes, however, that defendant failed to submit the cited pages from the deposition of Miles. Thus, the court cannot determine, at this time, whether the testimony at issue is hearsay. The court will determine whether the testimony is hearsay at the time it is offered.

Second, Entergy requests that the court exclude testimony by Jimmy Hicks, an Entergy employee and brother of plaintiff's counsel, regarding a conversation he had with an Entergy manager named Tyrone Scott. Entergy anticipates that Hicks will testify that Scott told him that he had a conversation with two white Entergy managers, Leigh Nix and David Sparks regarding the individuals hired to fill the 27 vacant positions in Arkansas. Entergy also anticipates that Hicks will testify that Nix and Sparks told Scott that they purportedly talked to Robert Britton, Jerry Tanner, and Monty Harrell regarding the racial make-up of the list of new hires for which those three were responsible and that they admonished Britton, Tanner, and Harrell to do something to increase the number of blacks who were hired, but

were ignored. Entergy asserts that this testimony is irrelevant to Miles' claim and unfairly prejudicial to Entergy because even if Hicks' testimony is true, Nix and Sparks never mention Drew Clem, the decision maker in this case. Entergy also asserts that this testimony may lead the jury to believe that Britton, Tanner, and Harrell participated in the decision to hire Josh Trotter, when they did not.

This testimony will be addressed at the time it is offered at trial. Although hearsay not falling within one of the exceptions will be excluded, the relevance of Hicks's testimony will be better assessed at trial when it is offered.

Accordingly, defendant Entergy Arkansas's motion in limine (Doc. No. 81) is denied without prejudice.

IT IS SO ORDERED THIS 10th day of July, 2009.

_____
UNITED STATES DISTRICT JUDGE